UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

MAUREEN MICHILOVICH,

                Plaintiff,

vs.

MAHONEY COHEN & COMPANY,
JAY SILVER, JOHN DOES #1-5 and XYZ
CORPORATION #1-5,

                Defendants.

_____

CIVIL ACTION NO.
07 Civ 9924 (WHP)(DFE)

**COMPLAINT AND
JURY DEMAND**

    Plaintiff, Maureen Michilovich, by and through her attorney Joseph H. Neiman, complaining of the Defendants, alleges the following upon information and belief:

### NATURE OF THE CASE

    1.    This is an action brought by Maureen Michilovich against her former employer, Mahoney Cohen & Company, alleging that she was unlawfully discriminated against as a result of her former employers' policies and practices of discrimination on the basis of sex.  In addition, Plaintiff alleges claims for damages for breach of the employment agreement between Defendant and herself.  By this action, Plaintiff seeks money damages for lost wages and benefits, liquidated, compensatory and punitive damages and attorney's fees.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

    2.    The Plaintiff, Maureen Michilovich, filed a complaint in writing with the

EEOC charging Defendant, Mahoney Cohen & Company, with unlawful discrimination under Title VII.

3. More than six (6) months have elapsed and the Plaintiff, Maureen Michilovich, has received notice of her right to sue under the aforementioned statue.

## JURISDICTION AND VENUE

4. Jurisdiction over this action is based upon the unlawful discrimination under Title VII of the Civil Rights Act of 1964, as amended, (Title 7) 42 U.S.C. Section 2000e et seq; and the pendent jurisdiction of this Court.

5. In the alternative, jurisdiction over the New York State claims is conferred pursuant to section 296 and 297 of the New York State Executive Law and jurisdiction over the New York City claims is conferred pursuant to section 8-502 et seq and/or 8-107 et seq. of the New York City Administrative Code.

6. All civil rights violations alleged occurred within the Southern District of New York where Defendant, Mahoney Cohen & Company presently does business. Venue is properly had in the Southern District of New York pursuant to 42 U.S.C. Section 2000e-5(f) (3) and 28 U.S.C. Section 1391(a)(21).

## PARTIES

7. Plaintiff, Maureen Michilovich, is an individual of legal age, residing at 150-38 Union Turnpike, Apt. 8A, Flushing, New York 11367.

8. Plaintiff Maureen Michilovich was hired with the above named employer in November of 2005 as an Accountant/Staff B Auditor.

9. Upon information and belief, the Defendant, Mahoney Cohen & Company, is a business entity having a principal place of business in the State of New York and does business at 111 West 40th Street, New York, New York.

10. Upon information and belief, the Defendant, Jay Silver, is a partner with Mahoney Cohen & Company having a principal place of business in the State of New York and does business at 111 West 40th Street, New York, New York.

11. Defendants, JOHN DOE #1-5 and XYZ CORP. #1-5, are Defendants who may be liable to Plaintiff by their action and or legal standing, but at this time are unknown to plaintiff. More specifically, but not limited to, John Does #1-5 being individuals who by their actions or policies contributed to the complained of conduct. XYZ Corp. #1-5 may be entities who either own or control entities legally responsible for the actions complained of.

## FIRST CAUSE OF ACTION

12. Plaintiff, Maureen Michilovich, repeats and realleges each and every allegation contained in the Paragraphs 1 through 11 of this Complaint as though each were fully set forth and length herein.

13. Plaintiff was hired by Mahoney Cohen & Company in November 2005 as an Accountant/Staff B Auditor.

14. During the course of plaintiff's employment, she was continuously sexually harassed by Jay Silver (a partner plaintiff worked under).

15. On several occasions, Jay Silver referred to her as "PET". Mr. Silver would inappropriately touch plaintiff's hair and ask "if she was older or he was younger would she go "out" with him". Mr. Silver would often call plaintiff into his office

without the need to do so.  Andrew Levian, a co-worker saw Jay Silver coming to plaintiff's desk flirting and inappropriately touching plaintiff's hair.  Another co-worker, Mr. Silver and plaintiff went to Victoria Secret purportedly to pick out a Valentine's Day gift for Mr. Silver's wife.  He made additional inappropriate statements to plaintiff such as "what are you curling your hair to tease me".

16.     Jay Silver made inappropriate sexual advances to plaintiff and when plaintiff did not respond, he saw to it that plaintiff was terminated.

17.     Plaintiff was terminated on June 20, 2006

18.     Plaintiff was never given a reason as to why she was terminated.

19.     Plaintiff spoke to Jay Silver after being terminated and he acted as if he didn't know her.  She was told to speak to Mark Garten, the chairman, if she had any problems and was advised he didn't make the decisions because he did not work with her directly, the managers did.

20.     The only evaluation from a Manager that plaintiff was familiar with was John Cronin who wrote an excellent evaluation.

21.     Plaintiff was paid through June 20, 2006 and has been out of work since then.

22.     In terminating Plaintiff, Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of sex.

23.     As a proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff, Maureen Michilovich, she has sustained and continues to sustain substantial losses in earnings, retirement benefits and other employment benefits and has suffered and continues to suffer humiliation and mental and physical pain and

anguish. In light of Defendant's willful, knowing and intentional discrimination against Plaintiff, Maureen Michilovich, Plaintiff seeks an award of liquidated damages equal to the amount found owing and an award of punitive damages to be determined by the trier of fact.

**SECOND CAUSE OF ACTION**
**THE NEW YORK STATE HUMAN RIGHTS LAW**
**AGAINST ALL DEFENDANTS:**
<u>**DISCRIMINATION**</u>

24.  Plaintiff, Maureen Michilovich, repeats and realleges each and every allegation contained in the Paragraphs 1 through 23 of this Complaint as though each were fully set forth at length herein.

25.  The acts herein alleged are in violation of Section 296, at seq., of the New York State Executive Law.

26.  As a direct and proximate result of defendant's discriminatory employment practices, plaintiff has suffered irreparable harm, economic loss, physical and mental distress, embarrassment, humiliation and indignity.

27.  The discriminatory and unlawful employment practices complained of have been willful, wanton, malicious, and in negligent disregard of plaintiff's rights.

28. As a result, Plaintiff is entitled to compensatory damages, counsel fees, punitive damages and for such other and further relief as this court deem just and proper.

### THIRD CAUSE OF ACTION
### THE NEW YORK CITY ADMINISTRATIVE CODE
### AGAINST ALL DEFENDANTS:
### DISCRIMINATION

29. Plaintiff, Maureen Michilovich, repeats and realleges each and every allegation contained in the Paragraphs 1 through 31 of this Complaint are realized and incorporated herein by reference as though fully set forth at length herein.

30. The actions of the defendants' herein are in violation of the Administrative Code of the City of New York, Sections 8-101 et. seq.

30. The discriminatory and unlawful employment practices complained of have been willful, wanton, malicious, and in negligent disregard of Plaintiff's rights.

WHEREFORE, Plaintiff respectfully prays this court enter judgment on all Counts for compensatory damages in the sum of $2,000,000.00, punitive damages to be determined by the trier of fact, attorney's fees to be determined by the court, liquidated damages in the amount found owing, as well as interest and costs incurred in this action and for such other further relief as this court deems just and proper.

Dated: November 2, 2007        s/Joseph H. Neiman
                               Joseph H. Neiman, Esq. JN3310
                               Attorney for Plaintiff
                               179-36 80th Road
                               Jamaica Estate, NY 11432
                               (201) 487-0061

**JURY DEMAND**

Plaintiff demands trial by jury with respect to all issues so triable.

Dated: November 2, 2007  s/Joseph H. Neiman
             Joseph H. Neiman, Esq. JN3310
             Attorney for Plaintiff
             179-36 80th Road
             Jamaica Estate, NY  11432
             (201) 487-0061